IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:25-CV-00601-KDB-DCK

| | |
|---|---|
| VISCOSOFT, INC., <br><br> Plaintiff, <br><br> v. <br><br> HANGZHOU HELIANG NETWORK TECHNOLOGY CO., LTD., <br><br> Defendant. | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on Defendant Hangzhou Heliang Network Technology Co., Ltd.'s ("HHNT") Motion for Judgment on the Pleadings (Doc. No. 18), Motion Request for Judicial Notice (Doc. No. 20) and Motion for Sanctions (Doc. No. 21).[1] The Court has carefully considered this motion and the parties' briefs and exhibits. Plaintiff accuses Defendant of infringing its design patent, U.S. Patent No. D969,522 (the "'522 Patent"). Because the Court finds that it is not plausible that an ordinary observer would conclude that Defendant's mattress topper design is substantially the same as the patented design, the Court will **GRANT** judgment on the pleadings to HHNT and take judicial notice of various public patent documents as requested HHNT. However, the Court will defer ruling on Plaintiff's Motion for Sanctions pending a hearing on the motion.

---

[1] There is also pending a Motion to Stay Discovery, (Doc. No. 24), which is mooted by this Order.

1

# I. LEGAL STANDARD

Defendants move to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) and for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) (or, if required, under Rule 56). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Coleman v. Maryland Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd sub nom*. *Coleman v. Court of Appeals of Maryland*, 566 U.S. 30 (2012). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, ... bare assertions devoid of further factual enhancement[,] ... unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009).

Construing the facts in this manner, a complaint must only contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. (internal quotations omitted). Thus, a motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of North Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

Rule 12(c) provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). In resolving a motion for judgment on the pleadings, the court must accept all of the non-movant's factual averments as true and draw all reasonable inferences in its favor. *Bradley v. Ramsey*, 329

F. Supp. 2d 617, 622 (W.D.N.C. 2004). The court may consider the complaint, answer, motions and any materials attached to those pleadings "so long as they are integral to the complaint and authentic." *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176 (4th Cir. 2009); *see also* Fed. R. Civ. P. 10(c) (stating that "an exhibit to a pleading is part of the pleading for all purposes."). Except for consideration of the answer, *see Alexander v. City of Greensboro*, 801 F. Supp. 2d. 429, 433 (M.D.N.C. 2011), a motion for judgment on the pleadings is generally governed by the standard applicable to a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure discussed above. *Butler v. United States*, 702 F.3d 749, 751–52 (4th Cir. 2012); *Shipp v. Goldade*, No. 5:19-CV-00085-KDB-DCK, 2020 WL 1429248, at *1 (W.D.N.C. Mar. 19, 2020). Judgment on the pleadings is warranted where the undisputed facts demonstrate that the moving party is entitled to judgement as a matter of law. *Id.*

If, on a 12(c) motion, matters outside the pleadings are presented to and not excluded by the Court, the motion must be treated as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## II. FACTS AND PROCEDURAL HISTORY

HHNT, doing business in the United States under the name "Valuxe," markets and sells a variety of products, including mattress toppers. One of its products is the High-Density Cooling Gel Memory Foam Mattress Topper, (the "Valuxe Mattress Topper"). Doc. No. 8. The Valuxe Mattress Topper includes a cover made of breathable bamboo fiber, with adjustable elastic straps and an anti-slip surface backing to prevent sliding.

Plaintiff Vicosoft claims ownership by assignment of the '522 Patent, which was issued on November 15, 2022, and is entitled "Design Patent for Mattress Topper." Doc. No. 8. The patent

3

Case 3:25-cv-00601-KDB-DCK    Document 37    Filed 02/24/26    Page 3 of 12

has eight drawings, which reflect the claimed design. Figure 1 discloses "a top plain view of [Plaintiff's] design for a mattress topper." *Id*. Figure 2 discloses "a right end side view" of the claimed design. *Id*. Figure 3 discloses "a left end side view" of the claimed design. *Id*. Figure 4 discloses "a top end side view" of the claimed design. *Id*. Figure 5 discloses "a bottom end side view" of the claimed design. *Id*. Figure 7 shows the detail of these views, an evenly spaced grid of dots.



Figure 6 shows the bottom of the claimed design. *Id*. Figure 8 discloses "a detail inset" of the bottom plan view of the claimed design, which features a hexagonal (honeycomb-shaped) arrangement of interconnected circles, evenly interspersed and interconnected by lines drawn from the top and bottom edges of each circle. *Id*. As disclosed in Figures 6 and 8, the bottom fabric

4

panel of the mattress topper also includes adjustable straps with two buckles, and a two-way head-to-head zipper. *Id*.



In the Amended Complaint, Plaintiff includes pictures of the design of the accused products:



Doc. No. 8. The design of the top and sides of the HHNT mattress topper has a quilted pattern of rectangular shapes, with the bottom featuring an "anti-slip" design of spaced dots. *Id*.

5

On August 8, 2025, Plaintiff filed suit against HHNT, HANGZHOU Shangwai Trading Co., LTD., Lishui Xingquan Tongrui Trading Co., LTD., and Shaoxing Spring Home Textile Co., LTD. (collectively, "Defendants"), alleging patent infringement and unfair and deceptive trade practices pursuant to N.C. Gen. Stat. § 75-1.1 et seq ("NC UDTPA"). Doc. No. 1. On September 9, 2025, counsel for HHNT sent Plaintiff's counsel a letter demanding that the case be dismissed and threatening Plaintiff and its counsel with sanctions for improper joinder and frivolous infringement allegations. On September 18, 2025, Plaintiff voluntarily dismissed all Defendants except for HHNT, Doc. No. 7,[2] and filed an Amended Complaint, solely against HHNT. Doc. No. 8.

In the Amended Complaint, Plaintiff alleges that HHNT infringed the '522 Patent (1) by selling, offering, and/or importing into the United States the Valuxe Mattress Topper, which allegedly embodies the design of the '522 Patent, without authority or license from Plaintiff, in violation of 35 U.S.C. § 271(a); and by (2) applying the design of the '522 Patent, or a colorable imitation thereof, to the Valuxe Mattress Topper for the purpose of sale and/or by selling or exposing for sale the Valuxe Mattress Topper, to which the design of the '522 Patent or colorable imitation thereof has been applied, in violation of 35 U.S.C. § 289. Doc. No. 8 at ¶¶ 14–15. Additionally, Plaintiff alleges that HHNT's wrongful and willful infringement of the '522 Patent is an unfair and deceptive trade practice, in violation of NC UDTPA. *Id*. at ¶¶ 23–26.

---

[2] Plaintiff refiled these dismissed claims – which mirror the claims in this action – against the other three defendants as separate cases in this District. *See* 3:25-cv-809; 3:25-cv-810; 3:25-cv-811.

## III. DISCUSSION

### A. Motion for Judgment on the Pleadings

Under federal law, "[w]hoever invents any new, original and ornamental design for an article of manufacture may obtain a patent therefor[.]" 35 U.S.C. § 171(a). A design patent thus "protects a 'new, original and ornamental design for an article of manufacture.'" *LKQ Corp. v. GM Glob. Tech. Operations, LLC*, 102 F.4th 1280, 1291 (Fed. Cir. 2024) (quoting 35 U.S.C. § 171(a)).[3] Importantly, "a design patent, unlike a utility patent, limits protection to the ornamental design of the article." *Richardson v. Stanley Works, Inc.*, 597 F.3d 1288, 1293 (Fed. Cir. 2010). When a design contains both ornamental and functional aspects, the design patent's scope is limited to the ornamental "aspects alone and does not extend to any functional elements of the claimed article." *Id.* at 1294.

Generally, "design patents have no written description or written claims to define their scope; the invention is defined by the overall visual impression that the drawings convey." *LKQ Corp.*, 102 F.4th at 1291 (citing *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 679–80 (Fed. Cir. 2008) (en banc)). The standard for determining design patent infringement is whether "in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other." *Gorham Mfg. Co. v. White*, 81 U.S. 511, 528 (1871). This standard articulated by *Gorham* has come to be "referred to as the 'ordinary observer' test." *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 670 (Fed. Cir. 2008).

---

[3] In contrast, a utility patent protects the "function" of a product. *See* 35 U.S.C. § 171; *Nanjing 3H Med. Prods. Co. v. KT Health, LLC*, No. CV RDB-24-2745, 2025 WL 2418589, at *2 (D. Md. Aug. 21, 2025); *Elmer v. ICC Fabricating, Inc.*, 67 F.3d 1571, 1577 (Fed. Cir. 1995).

In the context of a Rule 12 (or Rule 56) motion, the "ordinary observer" test is straightforward, "involv[ing] a side-by-side study of the designs." *Great Neck Saw Mfrs., Inc. v. Star Asia U.S.A., LLC*, 727 F. Supp. 2d 1038, 1052 (W.D. Wash. 2010), aff'd, 432 F. App'x 963 (Fed. Cir. 2011); *Hooker Furniture Corp. v. GTR Leather, Inc.*, No. 1:20CV451, 2022 WL 508544, at *3–5 (M.D.N.C. Feb. 18, 2022). First, "without review of the prior art, the claimed and accused designs" are compared to one another to determine whether they are substantially similar. *Id*. If so, the second step "compar[es] the claimed and accused designs with prior art to identify differences that are not noticeable in the abstract but would be significant to the hypothetical ordinary observer familiar with the prior art." *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1335 (Fed. Cir. 2015); *accord Wing Shing Prods. (BVI) Co. v. Sunbeam Prods., Inc.*, 665 F. Supp. 2d 357, 362 (S.D.N.Y. 2009) ("[The] second level analysis ... accounts for prior art...."). If at either step it is determined that the "designs are 'sufficiently distinct' and 'plainly dissimilar,' the patentee fails to meet its burden of proving infringement as a matter of law." *Ethicon Endo-Surgery*, 796 F.3d at 1335. In this case, the Court does not find it plausible that an ordinary observer would view the designs to be substantially similar at the initial step of simply looking at and comparing the designs. Therefore, it is unnecessary for the Court to reach the second step.

Applying the age-old adage that "a picture is worth a thousand words," the following comparison pictures of the top and bottom of Plaintiff's and Defendant's designs makes it unnecessary for the Court to belabor the analysis:

Top:

 

Bottom:

 

Plainly, the dots that form the top of the '522 Patent design are not substantially similar to the quilted rods or rectangles on the top of the accused product. Just as clear, the bottom "honeycomb" design of the '522 Patent is different than the spaced dots on the bottom of HHNT's mattress topper. Thus, as a matter of law, the Valuxe Mattress Topper's design does not infringe the '522 Patent design, and HHNT is entitled to judgment in its favor on Plaintiff's claims.

9

Despite the obvious clarity of the differences between the two designs, Plaintiff asks the Court not to decide this action on the pleadings because determining infringement of a design patent is a question of fact. *See Hooker*, 2022 WL 508544, at *4. This argument has been regularly rejected. "While infringement is a question of fact, courts may dismiss claims of design infringement on a Rule 12(b)(6) motion where, as a matter of law, no reasonable factfinder could find infringement." *Id*. (citing *Curver Luxembourg, SARL v. Home Expressions Inc*., No. 2:17-cv-4079-KM-JBC, 2018 WL 340036, at *4 (D.N.J. Jan. 8, 2018), *aff'd*, 938 F.3d 1334 (Fed. Cir. 2019)); *accord Converse Inc. v. Steven Madden, Ltd*., Civil Action No. 20-11032-NMG, 2021 WL 3293624, at *2 (D. Mass. Aug. 2, 2021) ("Courts may dismiss claims of design infringement on Rule 12(b)(6) motions where it finds that no reasonable fact-finder could find infringement as a matter of law."). This is appropriate when, after applying the ordinary observer test "through its own eyes," *Minka Lighting, Inc. v. Craftmade Int'l, Inc*., 93 F. App'x 214, 216 (Fed. Cir. 2004), the district court finds that "the claimed and accused designs are 'sufficiently distinct' and 'plainly dissimilar,'" and thus it is implausible that the patentee could "meet its burden of proving infringement as a matter of law." *Ethicon Endo-Surgery*, 796 F.3d at 1335.

Indeed, the Federal Circuit has affirmed district court Rule 12(b)(6) dismissals of design patent infringement claims on multiple occasions. *Curver Luxembourg, SARL v. Home Expressions Inc*., 938 F.3d 1334, 1343 (Fed. Cir. 2019) ("[W]e affirm the district court's grant of Home Expressions's motion to dismiss the complaint for failure to state a plausible claim of design patent infringement."); *Colida v. Nokia, Inc*., 347 F. App'x 568, 570 (Fed. Cir. 2009) (affirming the district court's grant of the defendant's motion to dismiss where the pro se plaintiff's "infringement claims were facially implausible and provided the district court with no basis on which to reasonably infer that an ordinary observer would confuse the pleaded patented designs

with the accused [product]"); *Vigil v. Walt Disney Co.*, 232 F.3d 911, at *1 (Fed. Cir. 2000) (table decision) ("We agree that the district court did not exceed its discretion in dismissing the [design patent infringement claim] on the merits."). As discussed above, the design of the Defendant's mattress topper is "plainly dissimilar" from the '522 Patent design. Therefore, an ordinary observer would not conclude the designs are substantially similar, and Plaintiff's claim of design patent infringement is implausible.

B. Request for Judicial Notice

Together with its Motion for Judgment on the Pleadings, HHNT requests that the Court take judicial notice of several prior art patents referenced on the face of the '522 Patent-in-suit. Doc. No. 20. A patent-in-suit, its prosecution history, and the prior art patents it itself cites are all matters of public record of which courts regularly take judicial notice. *See Hooker*, 2022 WL 508544, at *2. Accordingly, even though the Court need not consider prior art patents as discussed above, the Court will take judicial notice of the prior art patents referenced in the '522 Patent identified in HHNT's motion – Doc. Nos. 20-1, 20-2, 20-3, 20-4 – in the event they become relevant in further proceedings.

C. Motion for Sanctions

As discussed above, the comparison of the "522 Patent design and the design of the accused products in accordance with long established legal principles very obviously leads to the conclusion that Plaintiff's claims lack merit – to the point that the Court must seriously consider the imposition of sanctions, as requested by Defendant. However, the Court will not order the payment of sanctions without giving Plaintiff's counsel an opportunity to explain the good faith

basis for its filing and maintenance of this action[4] prior to reaching a final decision. Towards that end, the Court will defer ruling until a hearing on the Motion for Sanctions can be held.

## IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendant's Motion for Judgment on the Pleadings (Doc. No. 18) is **GRANTED;**

2. Defendant's Motion Request for Judicial Notice (Doc. No. 20) is **GRANTED;**

3. Defendant's Motion to Stay Discovery (Doc. No. 24) is **DENIED** as moot; and

4. The final consideration of Defendant's Motion for Sanctions (Doc. No. 21) is **DEFERRED** pending a hearing on the motion.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: February 24, 2026

*/s/ Kenneth D. Bell*
Kenneth D. Bell
United States District Judge

---

[4] As described above, Plaintiff's counsel has also filed and maintained several additional actions (of similarly dubious merit based on the pictures included in the original Complaint in this action). Those cases will, if Plaintiff decides to continue their prosecution in light of this Order, be set for status conferences at the hearing on the Motion for Sanctions.